UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOPKINS, | No. 2:20-cv-2084 AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 9. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In support of the motion to appoint counsel, plaintiff has filed a document signed by a prison official which states that plaintiff claims to have disabilities of low cognitive functioning and visual impairment. See ECF No. 9 at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A review of the instant motion as well as of plaintiff's complaint indicates that plaintiff has a reasonable understanding of these proceedings and their purpose.  See generally ECF Nos. 1, 9.  It also reveals that plaintiff is able to organize and express his thoughts in a clear and concise manner.  See generally ECF No. 1.  Even if plaintiff had assistance with preparing the filings, it is clear that he understood their content well enough to sign them.  See ECF No. 1 at 10; see also ECF No. 9 at 3.  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 9) is DENIED.

DATED: December 3, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE