UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOPKINS,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

No. 2:20-cv-2084 KJM AC

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 5; see also ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint names as defendants the State of California, the Director of Corrections, the Warden of the California Medical Facility (CMF), the ADA Coordinator at CMF, two prison employees identified as Principals, one who is a Vice-Principal, and one who is a Senior Librarian. ECF No. 1 at 3-4. Although he is not initially listed as a defendant, Governor Newsom is identified as a liable party in the statement of individua causes of action. Id. at 5-9. Plaintiff is developmentally disabled and mentally ill. The complaint alleges overall that CMF has failed to provide accommodations that are necessary for plaintiff to do his legal work.

Claim One asserts that plaintiff's access to the court was impaired in violation of his Fourteenth Amendment rights. Specifically, the complaint alleges that all defendants put a barrier between plaintiff and the court by refusing to provide assistance after legal paperwork had been returned to plaintiff by the court as improperly completed and plaintiff filed a form 602 administrative appeal. The library teaching assistant was instructed by defendant Farmer, a Principal, not to assist plaintiff with the completion of inmate appeal paperwork. Defendant Medina, ADA Coordinator, oversees the program. On the second level review of the issue, plaintiff was told that staff cannot provide legal advice or assistance. Plaintiff was granted access to the law library, but this does him no good because he cannot read or write. Defendants are

violating the Clark remedial plan.  ECF No. 1 at 5-6.

Claim II asserts "continuous deprivation of rights" in violation of the Eighth Amendment.  Governor Newsom and CDCR Director Lozano are alleged to be failing in their duties to implement the Clark Remedial Plan and federal disability accommodation rules.  This creates an environment of abuse and harassment and an unreasonable risk of harm to plaintiff.  Id. at 7-8.

Claim Three is brought pursuant to the Americans with Disabilities Act and the Rehabilitation Act, and asserts that plaintiff's right to counsel has been violated.  Plaintiff alleges that the Governor and the Director, who are responsible for enforcing the rules, have failed to do so and that as a result, plaintiff has been deprive of his Sixth Amendment right to legal representation.

Other than the passing references to defendants Farmer and Medina in Claim One, which do not clearly identify how they violated plaintiff's rights, no allegations identify any specific conduct of any defendants.

IV. Failure to State a Claim

A. Overarching Issues

There are several over-arching problems with the complaint.  First, both the State of California and its Governor in his official capacity are immune from suit.  See Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984) (Eleventh Amendment immunity protects States from suit); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985) (state officials are entitled to Eleventh Amendment immunity for conduct in their official capacities).  The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).  Moreover, the State of California is not a "person" subject to suit under § 1983, regardless of immunity.  Will v. Mich. State Dep't of Police, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued under § 1983 for violating civil rights, and states are not "person[s]" within the meaning of the statute).

Second, the complaint does not include a sufficiently clear statement of the underlying facts to enable the court to assess whether plaintiff's problem presents a viable claim for relief against any defendant. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" setting forth plaintiff's entitlement to relief. The complaint before the court does not specify what documents were returned to plaintiff by what court on what basis, what paperwork he requested help in completing at the law library (court paperwork, 602 forms, or both), and what accommodations were requested. The role of each named defendant in denying the requested accommodations or otherwise violating plaintiff's rights is also not clear. To satisfy Rule 8 and to state a claim under § 1983, a complaint must identify the specific acts of each named defendant who is alleged to have violated plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Executive and supervisory level officials—from the Governor and Director of CDCR to the Warden of the prison and down to library supervisors—cannot be liable on the basis of their general responsibilities because there is no *respondeat superior* liability under § 1983. See Iqbal, 556 U.S at 676. Defendants can be sued only for injuries caused by their own actions and omissions, not the actions of those they supervise. See Starr v. Bacca, 652 F.3d 1202, 1207 (9th Cir. 2011). As to any cause of action, plaintiff must provide facts that show what each individual did or did not do that caused the deprivation of his rights. Johnson, 588 F.2d at 743.

Finally, the Clark Remedial Plan cannot be enforced through a § 1983 lawsuit. Section 1983 provides a mechanism to sue state officials and employees for violation of rights guaranteed by the federal Constitution or other federal law. 42 U.S.C. § 1983 (establishing personal liability for deprivations of federal rights). A consent decree or remedial plan is not a source of federal law that can be vindicated under the statute. Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986). An inmate seeking relief pursuant to the Armstrong or Clark remedial plans[1] "must pursue his requests via the consent decree or through class counsel," Crayton v. Terhune, 2002

---

[1] The Armstrong and Clark cases are class actions brought against state officials for violation of the ADA, the Rehabilitation Act, and the Constitution by present and future prisoners and parolees suffering from certain disabilities. See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010); Clark v. California, 739 F. Supp. 2d 1168, 1173-74 (N.D. Cal. 2010).

U.S. Dist. LEXIS 17568, 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002), not by an independent lawsuit.  See also Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999).

    B.  Specific Causes of Action

        1.  Access to the courts

The right to access the courts, including the ability to litigate, is protected by the First Amendment.  See Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have constitutional right litigate their cases to conclusion without active interference by prison officials.)  This right applies to inmates' court challenges to their convictions, their custody, or the conditions of their confinement.  Id.  To state a cognizable denial of access claim, a prisoner must allege that defendant's challenged conduct resulted in "actual injury" to plaintiff involving a "nonfrivolous legal claim."  Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  "Actual injury" includes "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348.  See also Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994) (plaintiff must allege that he "could not present a claim to the courts because of the state's failure to fulfill its constitutional obligations").

It is unclear whether plaintiff is alleging that prison officials interfered with his ability to complete court paperwork, or only with his attempt to complete internal inmate appeals.  Only interference with litigation will support a First Amendment access to courts claim.  In order to state a claim for relief, plaintiff must be able to truthfully allege that he was prevented from presenting or litigating a criminal appeal, habeas petition, or civil rights claim.  He must specify the nature of the issue he sought to present to court, so that this court can determine whether it was a "nonfrivovolous" issue that might support an access to court claim.  Plaintiff must also specify how he was injured: how defendants' actions caused him to miss a court deadline or otherwise forfeit his claim(s).

        2.  Eighth Amendment

Plaintiff's problems getting legal assistance in the prison law library do not implicate the Eighth Amendment's prohibition of cruel and unusual punishment.  Plaintiff's rights related to legal access and assistance, to the extent they are protected by the Constitution, arise under the

First Amendment as addressed above.

        3. <u>Right to counsel</u>

The Sixth Amendment by its express terms guarantees the right to counsel in criminal prosecutions. There is no Sixth Amendment right to counsel in civil proceedings. <u>See</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Plaintiff cannot maintain a claim for violation of his constitutional right to counsel when he has no such right.

Plaintiff's rights related to legal access and assistance, to the extent they are protected under the Constitution at all, arise under the First Amendment as addressed above. Any right that plaintiff has to legal assistance under state law, prison policy, or a consent decree is not a right based in the Constitution or other federal law and cannot support a claim for damages under § 1983.

        4. <u>Americans with Disabilities Act and Rehabilitation Act</u>

Title II of the Americans with Disabilities Act (ADA), which applies to state prisons, prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); <u>Pennsylvania Dept. of Corr. v. Yeskey</u>, 524 U.S. 206, 210 (1998); <u>see</u> <u>also</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 691 (9th Cir. 2001). To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1021 (9th Cir. 2010). A prisoner may state a Title II claim based on "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" <u>United States v. Georgia</u>, 546 U.S. 151, 157 (2006).

The same standards apply to claims under the Rehabilitation Act. <u>See</u> <u>Olmstead v. Zimring</u>, 527 U.S. 581 (1999). "To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant."

7

Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Intentional discrimination is measured by the deliberate indifference standard. Id. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. In order to meet the second, subjective element of the deliberate indifference test, a failure to act must be the result of conduct that is more than negligent and involves an element of deliberateness. Id. at 1139.

Plaintiff has alleged that he has a disability and was denied requested accommodations related to legal assistance, but the precise nature of the accommodations requested and rejected is unclear. To state a claim for relief, plaintiff must allege facts that show he was excluded from participation in, or denied the benefits of, any service or programs offered by the prison because of his disability, or that he was subjected to discrimination by reason of his disability. To allege deliberate indifference to his rights, he must provide facts that show the individuals who denied the accommodations knew that he was likely entitled to them and did not care.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

8

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.

You cannot sue the State of California or the Governor in his official capacity under Section 1983. You can only sue the individuals who violated your rights or caused the violations. An amended complaint must clearly explain what each defendant did to violate your rights. Supervisors can only be sued for their own acts.

The rejection of your requests for legal assistance at the law library will not support claims under the Eighth Amendment or the Sixth Amendment. You do not have a constitutional right to counsel or to legal assistance for 602s or for civil lawsuits. The First Amendment does protect your right to access the courts on your own behalf, and it prohibits prison officials from interfering with your filing of court paperwork that is related to a criminal appeal, habeas petition, or civil suit about prison conditions. If you want to bring a claim that this right was violated, you must state facts explaining who did what to interfere with your court filings. You must also identify the claims that you were prevented from bringing to court.

You may try to bring a claim under the ADA and RA if you could not access a program at the prison (like the law library) because of your disabilities, or were discriminated against because of your disabilities. You must clarify what accommodations you requested and who denied them. You should provide facts showing that defendants knew they were violating your rights. Violations of the Clark Remedial Plan do not establish violations of the ADA or RA and cannot form the basis of a claim for damages in this court. You need to go through class counsel

1  in the Clark case, or otherwise follow the procedures set forth in that Plan, to seek relief under the
2  Plan.
3       If you choose to amend your complaint, the first amended complaint must include all of
4  the claims you want to make because the court will not look at the claims or information in the
5  original complaint. **Any claims not in the first amended complaint will not be considered.**

6  CONCLUSION

7       In accordance with the above, IT IS HEREBY ORDERED that:
8       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.
9       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
10 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
11 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
12 Director of the California Department of Corrections and Rehabilitation filed concurrently
13 herewith.
14      3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
15 U.S.C. § 1915A, and will not be served.
16      4. Within thirty days from the date of service of this order, plaintiff may file an amended
17 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
18 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
19 number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an
20 original and two copies of the amended complaint.  Failure to file an amended complaint in
21 accordance with this order will result in dismissal of this action.
22      5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
23 form used in this district.
24 DATED: December 28, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE